**United States District Court**
For the Northern District of California

***E-FILED 03-16-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY BENDER,<br><br>          Plaintiff,<br><br>   v.<br><br>INFINEON TECHNOLOGIES NORTH AMERICA CORP.; NXP SEMICONDUCTORS USA, INC.; ON SEMICONDUCTOR CORPORATION; and SILICON LABORATORIES, INC.,<br><br>          Defendants.<br>_____ / | No. C09-02112 JW (HRL)<br><br>**ORDER DENYING INFINEON TECHNOLOGIES' MOTION TO STRIKE AND GRANTING INFINEON TECHNOLOGIES' MOTION TO COMPEL**<br><br>[Re: Docket No. 26] |

Plaintiff Gregory Bender sues for alleged infringement of his U.S. Patent No. 5,103,188 (the "'188 patent"), which concerns circuits for amplifying complex or high speed signals. Defendant Infineon Technologies North America Corp. ("Infineon") moves to strike Bender's infringement contentions, or alternatively, to compel amended contentions. Upon consideration of the moving and responding papers, as well as the arguments presented at the March 16, 2010 hearing, this court denies Infineon's motion to strike and grants Infineon's motion to compel.

Patent Local Rule 3-1 requires a plaintiff in a patent infringement action to serve infringement contentions setting forth "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party" and identifying for each asserted claim "each accused

1  apparatus, product, device, process, method, act, or other instrumentality ("Accused
2  Instrumentality") of each opposing party of which the party is aware." PATENT L.R. 3-1(a),
3  (b).[1] A plaintiff must also provide a "chart identifying specifically where each limitation of
4  each asserted claim is found within each Accused Instrumentality, including for each limitation
5  that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s),
6  act(s), or material(s) in the Accused Instrumentality that performs the claimed function." Id. at
7  3-1(c).

8  Patent L.R. 3-1 is essentially a "discovery device" intended to streamline the discovery
9  process by taking the place of a series of interrogatories that defendants would likely have
10 propounded. Network Caching Technology LLC v. Novell, Inc., No. C01-2079VRW, 2002 WL
11 32126128, *3-4 (N.D. Cal., Aug. 13, 2002). As such, a plaintiff is required to include its in
12 infringement contentions all facts known to it, including those discovered in its Fed. R. Civ. P.
13 11 pre-filing investigation. Id. at *4. The Rules are designed to require parties to crystallize
14 their theories of the case early in the litigation and to adhere to those theories once they have
15 been disclosed. Alberta Telecommunications Research Centre v. Rambus, Inc., No. C06-
16 02595RMW, 2007 WL 4170564 *1 (N.D. Cal., Nov. 19, 2007); Atmel Corp. v. Info. Storage
17 Devices Inc., No. C95-1987 FMS, 1998 WL 775115 *2 (N.D. Cal., Nov. 5, 1998).

18 In this case, plaintiff reportedly accuses some 600 Infineon products of infringement. In
19 his infringement contentions, he divides the accused products into several categories titled:
20 "Cellular RF Transceivers," "Mobile Phone Platforms," "Tuner ICs and Demodulators,"
21 "Wireless Communication Products," "Mobile Phone Baseband ICs," "Integrated Power
22 Amplifiers," and "Micro-Controllers with built-in ADC Channels." (Foster Decl., Ex. M).
23 Plaintiff has served claim charts only as to five products which he claims are "representative" of
24 the 600 or so that have been accused. The claim charts further divide those five products into
25 the following categories: "Transceivers," "Tuner ICs and demodulators," "Wireless

---

[1] Because the instant action was filed prior the December 1, 2009 amendment of the Patent Local Rules, the Patent Local Rules in effect on November 30, 2009 apply.

2

Communication Products, RF Power Products, RF Power Amplifiers," "USB Audio," and "Microcontrollers with Analog Processing Circuitry." (Id., Ex. L).

At this juncture, this court is not prepared to strike Bender's contentions, and defendant's motion to strike is denied. Nonetheless, defendant's alternate motion to compel is granted because this court agrees that Bender's infringement contentions fail to comply with Patent L.R. 3-1. To begin, Bender has made no showing that his use of "representative" claim charts is proper. Other than plaintiff's bare assertion, there is nothing in the record presented indicating, for example, that the five products for which plaintiff provided claims charts share common circuitry with the other accused products. Further muddying the waters is plaintiff's grouping of the accused products into rather broad and amorphous categories that, on their face, do not appear to readily correspond to the labels used in his claims charts.

Additionally, plaintiff's infringement contentions are impermissibly vague. Bender has done more than merely parrot the claim language. But his claims charts provide generic allegations that do not identify specific circuitry or components that reportedly correspond to the claim limitations — or, at least, not in a manner that gives defendant fair notice as to where the alleged infringing circuits are located. Instead, Bender simply repeats the same generic descriptions and cuts-and-pastes them beside each element of every claim. Plaintiff contends that defendant's engineers should be able to not only understand the terms used in his infringement contentions, but also readily locate the subject circuitry in Infineon's accused products. He suggests that the next step in this case should be for defendant to produce detailed schematics, asserting that he cannot provide more detailed infringement contentions without them. Suffice to say that Bender (not defendant) bears the burden of identifying specifically where each and every claim element is found within the accused products. And, this court finds that plaintiff's infringement contentions need to be much improved before he can proceed.

3

Accordingly, Bender will be given until March 26, 2010[2] in which to amend his contentions to (a) demonstrate that "representative" products are accurate representations of the hundreds of other accused products and (b) provide specific locations within defendant's products where the alleged infringement occurs. Although the court has declined to strike plaintiff's contentions at this time, they may well be stricken in the future if they continue to be insufficient.

SO ORDERED.

Dated:  March 16, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] This ruling is based upon the court-ordered case management deadlines. Plaintiff states that he is willing to stipulate to an extension of those deadlines. If the presiding judge concludes that an extension is warranted, this court finds that plaintiff should have 30 days in which to amend his infringement contentions.

5:09-cv-02112-JW Notice has been electronically mailed to:

Brian K. Erickson     brian.erickson@dlapiper.com, alice.lineberry@dlapiper.com, donna.carone@dlapiper.com

Christopher Duane Bright     cbright@mwe.com

Daniel Raymond Foster , Esq     dfoster@mwe.com, cbright@mwe.com, dchase@mwe.com, tcarman@mwe.com

David Noel Kuhn     dnkuhn@pacbell.net

Denise M. De Mory     demoryd@howrey.com, kasenenkop@howrey.com

Marc Christopher Belloli     marc.belloli@dlapiper.com, zoya.khodosh@dlapiper.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.