1   Daniel R. Foster (SBN 179753)
    dfoster@mwe.com
2   Christopher D. Bright (SBN 206273)
    cbright@mwe.com
3   MCDERMOTT WILL & EMERY LLP
    18191 Von Karman Avenue, Suite 500
4   Irvine, CA  92612-7108
    Telephone: (949) 851-0633
5   Facsimile: (949) 851-9348

6   Attorneys for Defendant and Counterclaimant
    INFINEON TECHNOLOGIES NORTH
7   AMERICA CORP.

8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                     SAN JOSE DIVISION

12

13  GREGORY BENDER,                     Case No. C 09-02112 RS

14              Plaintiff,              INFINEON TECHNOLOGIES NORTH
                                        AMERICA CORP.'S NOTICE OF
15       v.                             MOTION AND MOTION TO STRIKE
                                        PLAINTIFF'S INFRINGEMENT
16  INFINEON TECHNOLOGIES NORTH         CONTENTIONS AND TO DISMISS
    AMERICA CORP., a Delaware           THIS CASE PURSUANT TO RULE 37
17  corporation, et al.,
                                        DISCOVERY MATTER
18              Defendant and
                Counterclaimant.        Date:      Tuesday, May 11, 2010
19                                      Time:      10:00 a.m.
                                        Courtroom: 2, 5th Floor
20                                      Judge:     Hon. Howard R. Lloyd

21

22

23

24

25

26

27

28

McDermott Will & Emery LLP
ATTORNEYS AT LAW
IRVINE

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................................... 2

II. FACTUAL BACKGROUND ............................................................................. 3

    A.  Plaintiff's First Infringement Contentions ............................................. 3

    B.  Plaintiff's Second Infringement Contentions and the Court's Amended Patent Scheduling Order ......................................................................... 4

    C.  The Court's March 16, 2010 Order Granting Infineon's Motion to Compel Infringement Contentions that Comply with Patent L.R ........................ 5

    D.  Plaintiff's Third Infringement Contentions ........................................... 6

    E.  The Parties' Meet and Confer Efforts ................................................... 7

III. ARGUMENT .................................................................................................... 7

    A.  Striking Plaintiff's Infringement Contentions and Dismissing this Case Is Appropriate Under Rule 37 of the Federal Rules of Civil Procedure and Federal Circuit Precedent ...................................................................... 7

    B.  Plaintiff's Infringement Contentions Repeatedly Failed to Comply with the Requirements of the Court's Rules and Orders ................................. 10

        1.  Plaintiff Failed to Comply with the Court's Order to Demonstrate that the Allegedly "Representative" Products Are Indeed Representative of All the Accused Infineon Products ........................... 10

        2.  Plaintiff Failed to Comply with the Court's Order to Indentify Specific Locations Within Infineon's Products Where the Alleged Infringement Occurs ................................................................. 12

    C.  Plaintiff's Failure to Comply with the Court's Rules and Orders Is Objectively Unreasonable, Willful, and Plaintiff's Own Fault ............... 15

    D.  Plaintiff's Infringement Contentions Continue to Waste Judicial Resources ....... 15

    E.  Plaintiff's Infringement Contentions Continue to Prejudice Infineon ................. 16

    F.  Plaintiff Has Had Ample Opportunity to Amend His Contentions and to Litigate His Case on the Merits ........................................................... 17

    G.  Dismissal Is the Only Available Sanction Because Lesser Sanctions Have Already Been Imposed And Plaintiff Has Shown No Intention of Complying ......................................................................................... 17

IV. CONCLUSION ............................................................................................... 18

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*Bender v. Advanced Micro Devices, Inc.,*
        2010 U.S. Dist. LEXIS 11539 (N.D. Cal. Feb. 1, 2010)................................................... 17

4

5

*Bender v. Micrel Inc.,*
        2010 U.S. Dist. LEXIS 18134 (N.D. Cal. Feb. 6, 2010)............................................ 16, 17

6

*Finley v. Hartford Life & Accident Ins. Co.,*
        249 F.R.D. 329 (N.D. Cal. 2008) ...................................................................................... 8

7

8

*Henry v. Gill Indus., Inc.,*
        983 F.2d 943 (9th Cir. 1993)...................................................................................... 8, 16

9

*Hyde & Drath v. Baker,*
        24 F.3d 1162 (9th Cir. 1994).............................................................................................. 8

10

*Intertrust Techs. Corp. v. Microsoft Corp.,*
        2003 U.S. Dist. LEXIS 22736 (N.D. Cal. Nov. 26, 2003)............................................... 16

11

12

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,*
        460 F.3d 1217 (9th Cir. 2006).......................................................................................... 8

13

*Refac Int'l, Ltd. v. Hitachi, Ltd.,*
        921 F.2d 1247 (Fed. Cir. 1990)........................................................................................ 9

14

15

16

**STATUTES**

17

FED. R. CIV. P. 37(b)(2)(A) ..................................................................................... 7, 8

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1

2

# NOTICE OF MOTION

3    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

4    PLEASE TAKE NOTICE that on Tuesday, May 11, 2010, at 10:00 a.m., or as soon

5    thereafter as the matter may be heard before the Court, located at 280 South 1st Street, San Jose,

6    CA 95113, Courtroom 2, 5th floor, Defendant Infineon Technologies North America Corp.

7    ("Infineon"), pursuant to Civil L.R. 1-4, 7-1, 7-2, Fed. R. Civ. P. 37(b), and Patent L.R. 1-2 and

8    3-1, will move the Court for an order striking Plaintiff Gregory Bender's ("Plaintiff")

9    infringement contentions and dismissing this case with prejudice.

10    This motion is based on the Notice of Motion and Motion and the Memorandum of Points

11    and Authorities incorporated herein, and on the Declaration of David A. Chase, the [Proposed]

12    Order filed herewith, all of the files and records of this action, and any additional material that

13    may be elicited at the hearing on this Motion.

14    ## RELIEF REQUESTED

15    1.    Infineon seeks an order striking Plaintiff's infringement contentions; and

16    2.    Infineon seeks an order dismissing Plaintiff's complaint with prejudice as against

17    Infineon.

18    ## ISSUE TO BE DECIDED

19    1.    Whether Plaintiff has failed to comply with the Court's Orders requiring Plaintiff

20    to comply with the Local Rules regarding Plaintiff's infringement contentions, in violation of

21    Federal Rule of Civil Procedure 37.

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3        Over the past three months, Plaintiff has submitted three different sets of infringement

4    contentions, and those infringement contentions all fail to comply with Patent L.R. 3-1.  Plaintiff

5    has deliberately disregarded three of this Court's Orders to comply.  Having given Plaintiff more

6    than ample opportunity and time to amend his infringement contentions to comply with the Patent

7    Local Rules and this Court's Orders, it is appropriate to put an end to what has resulted, and will

8    otherwise continue to result in, prejudice to Infineon and waste of the Court's resources, and stop

9    Plaintiff's never-ending chain of deficient amended infringement contentions.

10        Infineon, therefore, moves this Court to strike Plaintiff's infringement contentions and

11    dismiss this case with prejudice as against Infineon for two reasons.  First, Federal Rule of Civil

12    Procedure 37(b) and Federal Circuit precedent empower the Court to strike infringement

13    contentions and dismiss a complaint where, in a case such as this, the plaintiff has disregarded the

14    Court's local rules and orders regarding infringement contentions.  In this case, Plaintiff failed to

15    comply with the Court's Scheduling Order and Patent Local Rule 3-1 when he served his first

16    deficient infringement contentions.  Then Plaintiff failed to comply with the Court's Amended

17    Scheduling Order requiring Plaintiff to serve supplemental infringement contentions that comply

18    with Patent Local Rule 3-1.  Finally, Plaintiff failed to comply with the Court's March 16, 2010

19    Order Granting Infineon's Motion to Compel complete contentions.  This flagrant disregard for

20    the Court's Rules and Orders is objectively unreasonable and sanctionable under Rule 37.

21        Second, Infineon will suffer severe prejudice unless the Court strikes Plaintiff's deficient

22    infringement contentions and dismisses Plaintiff's complaint.  Without any real explanation,

23    Plaintiff's scattershot approach to the contentions includes accusing hundreds and hundreds of

24    Infineon's products.  Plaintiff's contentions remain only generalized, conclusory accusations,

25    lacking any real detail or substance.  Every time that Plaintiff serves deficient infringement

26    contentions, Infineon incurs additional, and otherwise unnecessary, legal fees and costs

27    attempting, in vain, to figure out Plaintiff's infringement theories against the enormous number of

28    products that stand accused.  In addition, Infineon continues to suffer prejudice in this case as

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

McDermott Will & Emery LLP
ATTORNEYS AT LAW
IRVINE

1   Plaintiff keeps Infineon in a state of limbo by failing to crystallize his infringement theories, as

2   this case lingers under a vague accusation of infringement, and Infineon is forced to repeatedly

3   seek relief from the Court.

4        Plaintiff should not be allowed to drag this case out indefinitely, wasting judicial

5   resources and Infineon's time, resources, and money.  Plaintiff has shown he has no intention of

6   complying with the Court's rules and orders.  Each installment of his contentions has made

7   meaningless substitutions of a few words here and there.  If anything, Plaintiff's contentions have

8   become even more generic (and therefore worse) over time.  Coupled with the enormous number

9   of accused products, Plaintiff's generic infringement contentions have all of the hallmarks of a

10  fishing expedition.  The Court's Patent Local Rules and Orders were meant to curb such

11  discovery abuses as Plaintiff's contentions.  To give force and effect to the Court's rules and

12  orders, Plaintiff's repeatedly deficient infringement contentions should be stricken, and this case

13  should be dismissed.  The consequences of the Plaintiff's deliberate disregard for the rules and

14  orders of this Court should fall squarely on the Plaintiff.

15  ## II.   FACTUAL BACKGROUND

16  ### A.   Plaintiff's First Infringement Contentions

17       Plaintiff alleges that Infineon infringes claims 8 and 35 of the '188 Patent, which expired

18  on August 4, 2009.  On December 28, 2009, Plaintiff served infringement contentions on Infineon

19  pursuant to Patent L.R. 3-1 ("first infringement contentions").  *See* Chase Decl. at ¶ 2.[1]  Plaintiff's

20  infringement contentions included five allegedly "representative" claim charts.  But Plaintiff did

21  not provide any explanation of how the five allegedly "representative" products represented the

22  hundreds of Infineon products that he accused of infringing the '188 Patent.  In addition, the

23  claim charts failed to map the claim language to specific components of the allegedly accused

24  amplifiers within the accused Infineon products.  The following table illustrates the level of detail

25  Plaintiff included in his first infringement contentions.[2]

26  [1] As used in this Motion, "Chase Decl." refers to the Declaration of David A. Chase In Support Of Infineon Technologies North America Corp.'s Motion to Strike Plaintiff's Infringement Contentions and

27  to Dismiss this Case Pursuant to Rule 37, filed concurrently with this Motion.
    [2] In the interests of consistency and for ease of comparison, Infineon will use the same claim element and

28  associated contentions as an example of the lack of detail that Plaintiff provided in each of his three

| Claim Language (first element of claim 8) | First Infringement Contentions for the PMB5701 Product |
|---|---|
| a first input buffer, having a single, non-inverting input of high impedance, an open loop voltage gain not exceeding unity, and a low impedance output | On information and belief, there are numerous instances of this element contained in the accused instrumentalities.  Such locations include, but are not limited to the following:<br><br>1.  This element is located in the 2100 MHz receiver input amplifier located in the receiver circuitry which is located in the integrated circuit contained in the product. |
| (*See* Chase Decl., Exh. D at 16:37-39.) | (*See* Chase Decl., Exh. C at 2-3.) |

### B.   Plaintiff's Second Infringement Contentions and the Court's Amended Patent Scheduling Order

On January 26, 2010, the parties filed a joint motion to amend the scheduling order in this case.  *See* D.I. 21.  Between January 27, 2010 and February 7, 2010, Infineon and Plaintiff met and conferred regarding the deficiencies in Plaintiff's first infringement contentions.  *See* Chase Decl. at ¶ 4.  After several meet and confer sessions, Plaintiff slightly amended his claim charts on February 7, 2010 ("second infringement contentions").  *See* Chase Decl. at ¶ 5.  Plaintiff's amendments, however, merely consisted of adding generic language parroting the asserted claim elements.  *See* Chase Decl., Exh. E.

infringement contentions.  In order to conserve space, Infineon has included only an excerpt from Plaintiff's infringement contentions for the first element of claim 8 of the '188 patent.  But a review of Plaintiff's disclosures for other elements of claims 8 and 35 of the '188 patent shows that the deficiencies in the examples provided in this motion are found throughout all of the elements of asserted claims 8 and 35.

- 4 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

| Claim Language (first element of claim 8) | Second Infringement Contentions for the PMB5701 Product |
|---|---|
| a first input buffer, having a single, non-inverting input of high impedance, an open loop voltage gain not exceeding unity, and a low impedance output | On information and belief, there are numerous instances of this element contained in the accused instrumentalities.  Such locations include, but are not limited to the following:<br><br>1.  This element is the input buffer circuitry located in the 2100 MHz receiver input amplifier located in the receiver circuitry which is located in the integrated circuit contained in the product. |
| (*See* Chase Decl., Exh. D at 16:37-39 (emphasis added).) | (*See* Chase Decl., Exh. E at 2-3 (emphasis added).) |

Then, on February 10, 2010, the Court issued an Amended Patent Scheduling Order in which the Court ordered that Plaintiff serve supplemental infringement contentions by March 1, 2010.  *See* D.I. 30 at 2.  Plaintiff, however, ignored this Order and instead decided to rest on his contentions that had been served on February 7, 2010.  *See* Chase Decl. at ¶ 6.

**C.     The Court's March 16, 2010 Order Granting Infineon's Motion to Compel Infringement Contentions that Comply with Patent L.R. 3-1**

On February 9, 2010, Infineon filed a motion to strike Plaintiff's second infringement contentions or to compel infringement contentions that comply with Patent L.R. 3-1.  *See* D.I. 26.  The Court held a hearing on Infineon's motion on March 16, 2010 (*see* D.I. 42) and issued an order granting Infineon's motion to compel ("the Court's Order").  *See* D.I. 43.  The Court ordered that Plaintiff amend his contentions by March 26, 2010 to "(a) demonstrate that 'representative' products are accurate representations of the hundreds of other accused products and (b) provide specific locations within [Infineon's] products where the alleged infringement occurs."  *See* D.I. 43 at 4.  The Court stated that "plaintiff's infringement contentions are impermissibly vague."  *Id.* at 3.  "[H]is claims charts provide generic allegations that do not identify specific circuitry or components that reportedly correspond to the claim limitations – or, at least, not in a manner that gives defendant fair notice as to where the alleged infringing circuits are located.  Instead, Bender simply repeats the same generic descriptions and cuts-and-pastes them beside each element of every claim."  *Id.*  The Court warned Plaintiff that "[a]lthough the

McDermott Will & Emery LLP
Attorneys At Law
Irvine

1  court has declined to strike plaintiff's contentions at this time, they may well be stricken in the

2  future if they continue to be insufficient." *See id.* at 4.

3      **D.**    **Plaintiff's Third Infringement Contentions**

4          Having been ordered to amend his infringement contentions, Plaintiff sent Infineon

5  amended claim charts on the night of March 26, 2010 ("third infringement contentions"). *See*

6  Chase Decl. at ¶ 7. But the same deficiencies that permeated Plaintiff's first and second

7  infringement contentions, and that the Court ordered Plaintiff to resolve through amendment,

8  remained unresolved yet again. Rather than addressing the Court's specific instructions in its

9  March 16, 2010 Order, Plaintiff simply loaded his contentions with more generic claim language.

10

| Claim Language (first element of claim 8) | Third Infringement Contentions for the PMB5701 Product |
|---|---|
| a first input buffer, having a single, non-inverting input of <u>high impedance</u>, an open loop voltage <u>gain not exceeding unity</u>, and a <u>low impedance output</u><br><br>(*See* Chase Decl., Exh. D at 16:37-39 (emphasis added).) | On information and belief, there are numerous instances of this element contained in the accused instrumentalities. Such locations include, but are not limited to the following:<br><br>1. This element corresponds to the <u>high input impedance</u> and <u>low output impedance</u> <u>unity or less gain</u> input circuitry which is built out of semiconductor devices and passive electrical components using a non differential pair configuration electrically coupled to the input of the amplifier located in the 2100 MHz receiver input amplifier located in the receiver circuitry which is located in the integrated circuit contained in the product.<br><br>(*See* Chase Decl., Exh. F at 3-4 (emphasis added).) |

20  Not only did Plaintiff insert claim language into his contentions, but he made insignificant word

21  changes that make the contentions just as generic as they were before (if not more so) when the

22  Court found them deficient. Specifically, for example, Plaintiff insignificantly modified the

23  contentions concerning the fifth and seventh elements of claim 8. In the fifth element of claim 8,

24  Plaintiff replaced "second input stage" with "gain stage."[3] *Compare* Chase Decl., Exh. E at 12;

25  *with* Chase Decl., Exh. F at 17. But this is no more specific because according to claim 8, both

26  the first and second stages have a "gain." *See* Chase Decl., Exh. D at 16:37-39, 46-49 (first input

27  ───────────────

28  [3] Plaintiff also changed these terms on the claim language side of his claim charts, not just the contentions side of his claim charts. *Compare* Chase Decl., Exh. E at 12; *with* Chase Decl., Exh. F at 17.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

stage with first input buffer having "an open loop voltage gain not exceeding unity"); *id.* at 16:50-54 ("a second input stage, similar in form and function to said first input stage . . ."). Thus, Plaintiff's insignificant re-wording of "second input stage" to "gain stage" says nothing more than what was already found deficient by the Court. In the seventh element of claim 8, Plaintiff replaced "dual voltage supply rails" with "voltage supply for the amplifier." *Compare* Chase Decl., Exh. E at 16; *with* Chase Decl., Exh. F at 23. Plaintiff also included this "new" claim language – "voltage supply for the amplifier" – in his contentions for this element. And this generic language – "voltage supply for the amplifier" – is even *more generic* than the language in his deficient second infringement contentions – "dual voltage supply rails." *Compare* Chase Decl., Exh. F at 23; *with* Chase Decl., Exh. E at 16.

### E.      The Parties' Meet and Confer Efforts

On March 31, 2010, Infineon's counsel sent counsel for Plaintiff an e-mail describing continued deficiencies in Plaintiff's third infringement contentions and stating that Infineon planned to file on April 5, 2010 a motion challenging Plaintiff's contentions. *See* Chase Decl. at ¶ 9. When Plaintiff did not respond to this e-mail, on April 1, 2010, Infineon's counsel twice called counsel for Plaintiff to meet and confer. *See* Chase Decl. at ¶ 10. On April 2, 2010, Plaintiff's counsel responded to the March 31, 2010 meet and confer e-mail and requested that counsel meet and confer on April 5, 2010. *See* Chase Decl. at ¶ 11. On April 5, 2010, Infineon's counsel met and conferred with counsel for Plaintiff. *See* Chase Decl. at ¶ 12. The parties did not reach a resolution regarding their dispute over the insufficiency of Plaintiff's infringement contentions as a result of the meet and confer process. *See* Chase Decl. at ¶ 15.

## III.    ARGUMENT

### A.      Striking Plaintiff's Infringement Contentions and Dismissing this Case Is Appropriate Under Rule 37 of the Federal Rules of Civil Procedure and Federal Circuit Precedent

When a party fails to comply with a court order, the court where the action is pending has broad authority to sanction the disobedient party. *See* FED. R. CIV. P. 37(b)(2)(A). Where, as here, a party has failed to comply with a discovery order, the issuing court has authority to "issue further just orders," including orders "striking pleadings in whole or in part" and "dismissing the

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

action or proceeding in whole or in part." *See* FED. R. CIV. P. 37(b)(2)(A)(iii) and (v). Under Rule 37(b), sanctions require only a finding that the disobedient party failed to comply with a court order. *See* FED. R. CIV. P. 37(b) (titled "Failure to Comply with a Court Order"); Advisory Comm. Notes to 1970 Amendments (substituting "failure" for "refusal" to clarify that willfulness is not necessary—failure to comply is sufficient to trigger sanctions); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). The standard of sanctionable conduct is one of objective reasonableness. *Finley v. Hartford Life & Accident Ins. Co.*, 249 F.R.D. 329, 331 (N.D. Cal. 2008). "While a finding of bad faith is not a requirement for imposing sanctions, good or bad faith may be a consideration in determining" the severity of the sanction. *Hyde*, 24 F.3d at 1171.

Courts consider five factors when dismissing an action under Rule 37. Importantly, these five factors are "not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* ["*PPA*"], 460 F.3d 1217, 1226 (9th Cir. 2006). The five factors are "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993). The "key factors" are prejudice and the availability of lesser sanctions. *See id.* Dismissal is proper where the conduct was "due to willfulness, bad faith *or* fault of the party." *See PPA*, 460 F.3d at 1233 (italics in original). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Id.* That is exactly what Plaintiff has engaged in – disobedient conduct not outside his control. As is further discussed herein, each and every one of the five factors supports striking Plaintiff's infringement contentions and dismissing this case with prejudice. Plaintiff's repeated failures to provide compliant infringement contentions has stalled this litigation, wasted the parties' and the Court's resources, and prejudiced Infineon. Plaintiff has repeatedly demonstrated that Court Orders notwithstanding, he has no intention of complying with the Patent Local Rules. Each installment of his contentions has made marginal, meaningless amendments, amounting to changing a few words here and there. This demonstrates Plaintiff's deliberately disobedient conduct.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

McDermott Will & Emery LLP
Attorneys At Law
Irvine

Not only do the factors identified above support dismissal in this case, but also precedent from the Federal Circuit supports dismissal of Plaintiff's complaint under Rule 37. *See Refac Int'l, Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247, 1250 (Fed. Cir. 1990) (affirming dismissal of complaint for failing to comply with magistrate judge's order compelling more specific infringement contentions). In *Refac*, the Federal Circuit affirmed a district court's dismissal of a complaint based on the plaintiff's failure to comply with the magistrate judge's order compelling the plaintiff to provide more detailed infringement contentions. *See* 921 F.2d at 1250. The magistrate judge ordered the plaintiff to "specifically stat[e] (1) which products are infringing of each defendant; (2) which elements of each claim are present in the accused devices and (3) which elements of each claim are present in each accused device under the doctrine of equivalents." *Id.* at 1251. But the plaintiff's supplemental contentions failed, among other things, to "identify the elements of any specific product corresponding with the patent claim elements." *See id.* The defendants moved to dismiss, and the magistrate judge issued an order recommending that the district judge direct entry of judgment of noninfringement and dismiss the plaintiff's complaint with prejudice. *See id.* at 1252-53. In accordance with the magistrate judge's recommendation, the district judge entered judgment of noninfringement for each of the defendants' accused products and dismissal of the action. *See id.* The district judge also ordered Refac to pay the defendants' reasonable attorneys fees for having to oppose Refac's motion for reconsideration. *See id.* at 1253. On appeal, the Federal Circuit affirmed the district court's order because it found that the district court's finding of noncompliance with the magistrate judge's order was not clearly erroneous. *See id.* at 1254, 1256.

The principles and outcome in *Refac* apply with equal force to this case. Plaintiff has shown an utter disregard for this Court's rules and orders. Plaintiff's generalized, scattershot approach to the infringement contentions, accusing hundreds of Infineon's products with no real explanation, has severely prejudiced Infineon and wasted the Court's resources. Just as in *Refac*, Plaintiff's deliberate disregard for the Court's rules and orders, prejudice to Infineon, and waste of the Court's resources, all call for striking Plaintiff's infringement contentions and dismissing this case with prejudice.

McDermott Will & Emery LLP
Attorneys At Law
Irvine

**B.**    **Plaintiff's Infringement Contentions Repeatedly Failed to Comply with the Requirements of the Court's Rules and Orders**

The Court's Order, particularly in light of the many orders addressing Plaintiff's infringement contentions in related cases within this District, clearly notified Plaintiff what was deficient in his infringement contentions. The Court identified at least four key deficiencies in Plaintiff's infringement contentions. The four key deficiencies fall within two broader requirements that the Court specifically listed. The first requirement is that Plaintiff must "demonstrate that 'representative' products are accurate representations of the hundreds of other accused products." *See* D.I. 43 at 4:2-3. The second requirement is that Plaintiff must "provide specific locations within [Infineon's] products where the alleged infringement occurs." *See* D.I. 43 at 4:3-4. But Plaintiff failed to comply with the two requirements set forth in the Court's Order and failed to addresses or remedy the deficiencies that the Court identified in its Order.

1.    Plaintiff Failed to Comply with the Court's Order to Demonstrate that the Allegedly "Representative" Products Are Indeed Representative of All the Accused Infineon Products

The following bullet points demonstrate that Plaintiff has done nothing meaningful to address the deficiencies identified in the Court's Order regarding the five allegedly "representative" products.

1. Court's Order:  "Bender has made no showing that his use of 'representative' claim charts is proper. Other than plaintiff's bare assertion, there is nothing in the record presented indicating, for example, that the five products for which plaintiff provided claim charts share common circuitry with the other accused products." D.I. 43 at 3:6-9.

- Plaintiff's Second Infringement Contentions: "The products and families indicated below are a representative sample of products which contain Current Feedback and Voltage Feedback Amplifiers." *See* Chase Decl., Exh. E at 1.

- Plaintiff's Third Infringement Contentions: "The following claim charts . . . show . . . representative samples of the types of products and amplifiers which infringe claims 35 and 8. They are representatives as to their respective families of products in that they, and their respective families, will share the same or substantially similar analog

amplifier circuitry in their common applications . . . within their common modules. Such same modules are used in building many different complex integrated circuit products but they will all have the same or substantially similar analog amplifier circuitry within the modules.  The circuitry in such analog amplifiers contained in these modules are common to the products, whether it is a transceiver, wireless communication product, or a microcontroller with analog processing circuitry.  Plaintiff contends that the buffered transconductance amplifier is a fundamental building block common to these modules."  *See* Chase Decl., Exh. F at 1-2 (emphasis added).

- Unaddressed / Remaining Deficiencies: Plaintiff's third infringement contentions add more words regarding the allegedly "representative" products, but the words are empty.  They convey no substantive description of why Plaintiff apparently believes that the five allegedly "representative" products accurately represent the hundreds of accused Infineon products.  Plaintiff's third infringement contentions do nothing more than repeat the very deficiency that the Court explicitly identified – Plaintiff's "bare assertion" that the "representative" products share common circuitry with the hundreds of other accused Infineon products.  Plaintiff "contends" and states that the five "representative" products share common or substantially similar circuitry with the hundreds of other accused Infineon products.  But that is just it – Plaintiff "contends" and states without providing any support or basis for those statements.

2. Court's Order: "Further muddying the waters is plaintiff's grouping of the accused products into rather broad and amorphous categories that, on their face, do not appear to readily correspond to the labels used in his claim charts."  D.I. 43 at 3:9-11.

- Plaintiff's Second Infringement Contentions: Plaintiff divided the accused Infineon products into eight categories: (1) Cellular RF Transceivers, (2) Tuner ICs and demodulators, (3) Wireless Communication Products, (4) RF power products, (5)Integrated Power Amplifiers, (6) Wireless Control, (7) USB Audio, and (8) Micro-Controllers with build in ADC or DAC.  *See* Chase Decl., Exh. E at 1.

McDermott Will & Emery LLP
Attorneys At Law
Irvine

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

- • <u>Plaintiff's Third Infringement Contentions</u>: Plaintiff divided the accused Infineon products into the same eight categories: (1) Cellular RF Transceivers, (2) Tuner ICs and demodulators, (3) Wireless Communication Products, (4) RF power products, (5)Integrated Power Amplifiers, (6) Wireless Control, (7) USB Audio, and (8) Micro-Controllers with built-in ADC or DAC. *See* Chase Decl., Exh. F at 1.

- • <u>Unaddressed / Remaining Deficiencies</u>: Plaintiff did nothing to address the Court's Order with respect to Plaintiff's grouping of Infineon's products. The Court identified that Plaintiff's "grouping of the accused products into rather broad and amorphous categories" was a problem in Plaintiff's previous claim charts. Plaintiff's response to the Court's statement was to do absolutely nothing. Plaintiff's grouping of the accused Infineon products remains unchanged and is therefore still "broad and amorphous" and fails to correspond to the claim charts for the five allegedly "representative" products. Plaintiff has made no effort to provide the requisite detail. For example, Plaintiff's claim chart for the PMB5701 lists the "family" of that product as "Transceivers." *See* Chase Decl., Exh. F at 3. But "Transceivers" is not one of the eight listed categories. Moreover, transceivers are found in nearly all, if not all, Infineon products. Therefore, "transceivers" cannot be a family of accused Infineon products.

     2.   <u>Plaintiff Failed to Comply with the Court's Order to Indentify Specific Locations Within Infineon's Products Where the Alleged Infringement Occurs</u>

The following bullet points demonstrate that Plaintiff has done nothing of substantive value to address the Court's Order regarding Plaintiff's failure to identify specific circuitry or components that allegedly correspond to the claim limitations.

1. <u>Court's Order</u>: "[Plaintiff's] claim charts provide generic allegations that do not identify specific circuitry or components that reportedly correspond to the claim limitations – or, at least, not in a manner that gives defendant fair notice as to where the alleged infringing circuits are located." *See* D.I. 43 at 3:13-16.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

- • <u>Plaintiff's Second Infringement Contentions</u>: "This element is the input buffer circuitry located in the 2100 MHz receiver input amplifier located in the receiver circuitry which is located in the integrated circuit contained in the product." *See* Chase Decl., Exh. E at 2-3.

- • <u>Plaintiff's Third Infringement Contentions</u>: "This element corresponds to the high input impedance and low output impedance unity or less gain input circuitry which is built out of semiconductor devices and passive electrical components using a non-differential pair configuration electrically coupled to the input of the amplifier located in the 2100 MHz receiver input amplifier located in the receiver circuitry which is located in the integrated circuit contained in the product." *See* Chase Decl., Exh. F at 3-4.

- • <u>Unaddressed / Remaining Deficiencies</u>: Plaintiff's third infringement contentions do not "identify specific circuitry or components that reportedly correspond to the claim limitations" as the Court warned Plaintiff with respect to Plaintiff's second infringement contentions. The only change that Plaintiff made was to disassemble some of the claim language and reassemble it in a slightly different order. In the example above, Plaintiff's third infringement contentions merely substituted "input buffer circuitry" with "high input impedance and low output impedance unity or less gain input circuitry." But a buffer *is*, by Plaintiff's expert's own definition, high input impedance and low output impedance unity or less gain circuitry. *See* Chase Decl., Exh. G at 59:23-60:11 ("I – I mean, this is conventionally what a buffer is, right. It's a high-impedance – high input impedance, low output impedance, unity gain amplifier. . . . That's sort of the operational definition of a buffer.") Therefore, all that Plaintiff has done in his third infringement contentions is define the word "buffer" with language from the claim itself. In other words, Plaintiff has provided absolutely no more detail in his contentions than what the claim already says. *Plaintiff thus made his contentions just as generic as they were before when the Court found them deficient.* Moreover, Plaintiff's inclusion of language that such "input circuitry" is

1   built "out of semiconductor devices and passive electrical components" is of no value

2   because electronic devices are, by their very nature, built "out of semiconductor

3   devices and passive electrical components." That in no way informs Infineon of the

4   "specific circuitry or components that reportedly correspond to the claim limitations"

5   as required by the Court's Order. *See* D.I. 43 at 3:13-16. Rather, it is just another

6   instance of Plaintiff using generic language that covers more than what is claimed in

7   the asserted claims. Indeed, Plaintiff's generic language could cover all kinds of

8   amplifiers, including prior art amplifiers. But Plaintiff did not receive a patent on all

9   kinds of amplifiers; he received a patent on one particular type of amplifier circuit.

2. <u>Court's Order</u>: "Bender simply repeats the same generic descriptions and cuts-and-pastes them beside each element of every claim." *See* D.I. 43 at 3:16-17.

- <u>Plaintiff's Second Infringement Contentions</u>: For all of the five allegedly "representative" products, Plaintiff copied-and-pasted the same language up to sixteen times for a particular claim element. For example, for all five of the allegedly "representative" products, Plaintiff's contentions for the first element of claim 8 stated that "[t]his element is the input buffer circuitry located in [one of up to 16 'locations' depending on the allegedly 'representative' product]." *See* Chase Decl., Exh. E at 2-4, 40-41, 62-64, 87-88, 102.

- <u>Plaintiff's Third Infringement Contentions</u>: For all of the five allegedly "representative" products, Plaintiff copy and pasted the same language up to sixteen times for a particular claim element. For example, for all five of the allegedly "representative" products, Plaintiff's contentions for the first element of claim 8 state that "[t]his element corresponds to the high input impedance and low output impedance unity or less gain input circuitry which is built out of semiconductor devices and passive electrical components using a non differential pair configuration electrically coupled to the input of the amplifier located in [one of up to 16 'locations' depending on the allegedly 'representative' product]." *See* Chase Decl., Exh. F at 3-8, 54-57, 84-87, 117-19, 136.

McDermott Will & Emery LLP
Attorneys At Law
Irvine

- Unaddressed / Remaining Deficiencies: Plaintiff employed the same copy-and-paste approach in his third infringement contentions that he did in his second infringement contentions.  In other words, Plaintiff simply failed to address the Court's Order.

### C.   Plaintiff's Failure to Comply with the Court's Rules and Orders Is Objectively Unreasonable, Willful, and Plaintiff's Own Fault

Plaintiff's repeated failure to comply with Patent L.R. 3-1, Judge Ware's Amended Scheduling Order and the Court's Order Granting Infineon's Motion to Compel is objectively unreasonable and willful.  Plaintiff continues to play word games in his infringement contentions, with his minor word-smithing for each installment, resulting in even more generic contentions, rather than showing any good faith effort to provide the kind of detail he knows is required.

Plaintiff's failure to provide compliant contentions is his own fault and is not outside his control because, according to Plaintiff's own expert, Plaintiff could purchase an accused Infineon product and analyze the specific components within that product.  *See* Chase Decl., Exh. G at 47:5-48:2.  It is not a case of Plaintiff not being able to provide the necessary detail; it is a case of Plaintiff willfully choosing not to provide the necessary detail.  This inescapable conclusion is reinforced by the fact that Plaintiff continues to assert the same flawed rationale for failing and refusing to provide the required level of detail and analysis in his contentions.  Specifically, Plaintiff was unsure whether he could provide any further detail in his contentions, having never purchased, used, or analyzed a physical Infineon product.  *See* Chase Decl. at ¶¶ 13-14.  But the Court explicitly rejected Plaintiff's flawed position, stating that "[s]uffice to say that Bender (not defendant) bears the burden of identifying specifically where each and every claim element is found within the accused products."  *See* D.I. 43 at 3:22-23.  Because Plaintiff has repeatedly and willfully failed to comply with the Court's rules and Orders, the Court should dismiss Plaintiff's claims against Infineon.

### D.   Plaintiff's Infringement Contentions Continue to Waste Judicial Resources

The Ninth Circuit has stated that the public's interest in expeditious resolution of litigation and the court's need to manage its docket favor imposing a dismissal sanction "in most cases."  *See Henry*, 983 F.2d at 947.  And this case is a perfect example of how a party's failure to abide

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

by court rules and orders wastes judicial resources and abuses the court system.  Specifically,

Plaintiff's "'shotgun' approach" to his infringement contentions undermine the "overriding

principle of the Patent Local Rules[, which is to] make the parties more efficient, to streamline

the litigation process, and to articulate with specificity the claims and theory of a plaintiff's

infringement claims." *See Bender v. Micrel Inc.*, 2010 U.S. Dist. LEXIS 18134, at *7 (N.D. Cal.

Feb. 6, 2010); *Intertrust Techs. Corp. v. Microsoft Corp.*, 2003 U.S. Dist. LEXIS 22736, at *6

(N.D. Cal. Nov. 26, 2003).  Accusing hundreds of products without providing the requisite level

of specificity as to representative products and a mapping of each claim element to the accused

products, after being warned by the Court in this and several other cases, is simply inexcusable.

It wastes the Court's time and resources and prolongs the resolution of this action, both of which

weigh strongly in favor of dismissing Plaintiff's complaint.

### E.        Plaintiff's Infringement Contentions Continue to Prejudice Infineon

Infineon has already incurred what would otherwise have been unnecessary legal expenses

because of Plaintiff's failure to comply with Patent L.R. 3-1, Judge Ware's Amended Scheduling

Order and the Court's Order Granting Infineon's Motion to Compel.  If Plaintiff's third

infringement contentions are not stricken and the case is not dismissed, Infineon will continue to

suffer financial harm, and just as importantly, will be prejudiced in this case.

Plaintiff has now provided three installments of infringement contentions, and none of the

amendments has complied with the Court's various Orders.  With every noncompliant

amendment that Plaintiff makes, Infineon incurs more legal expenses defending itself against

deficient infringement contentions.  Infineon should not continue to be forced to defend itself, and

pay for that defense, against what have repeatedly proven to be Plaintiff's insufficient

infringement contentions.

Just as important as the cost of defending against Plaintiff's deficient contentions is the

prejudice that Infineon will suffer if this case is allowed to proceed.  If this case proceeds,

Infineon will have to open the doors to its confidential information and watch Plaintiff's

scattershot litigation approach turn into a discovery fishing expedition.  Furthermore, if this case

proceeds and Plaintiff does not crystallize specifically what his infringement theories are, then

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1    Infineon could end up having to defend itself against a moving target.  Given that there has been

2    no indication that Plaintiff will provide compliant infringement contentions, dismissal is the only

3    solution available to ensure that Infineon does not suffer unwarranted prejudice at the hands of a

4    plaintiff who has deliberately disregarded, and continues to deliberately disregard, the Court's

5    Rules and Orders.

6    **F.      Plaintiff Has Had Ample Opportunity to Amend His Contentions and to**
     **Litigate His Case on the Merits**

7

8    This case has been pending for over ten months.  Plaintiff has had more than amply

9    opportunity and time to analyze the accused products and identify the specific locations within

10   the amplifiers in those products that allegedly infringe the '188 Patent.  But Plaintiff has not done

11   so.  Instead, Plaintiff's failure to comply with the Court's rules and Orders, and Plaintiff's failure

12   to take advantage of several opportunities to amend his infringement contentions to comply with

13   Patent L.R. 3-1 has stalled this case.  If Plaintiff were truly interested in moving this case forward

14   to litigate his claims on the merits, then he should have complied with Patent L.R. 3-1 and

15   provided sufficient infringement contentions.  Having failed to provide compliant contentions

16   three times now, Plaintiff cannot complain that he has not been afforded every opportunity to

17   litigate his case on the merits.

18   **G.      Dismissal Is the Only Available Sanction Because Lesser Sanctions Have**
     **Already Been Imposed And Plaintiff Has Shown No Intention of Complying**

19

20   The Court has admonished Plaintiff for his failure to comply with Patent L.R. 3-1.  *See*

21   D.I. 43 at 3-4.  The Court has warned Plaintiff that his contentions will be stricken if they do not

22   comply with Patent L.R. 3-1.  *See* D.I. 43 at 4.  In fact, Plaintiff has heard this not only in this

23   case, but also in several other cases that he filed in this District.  *See, e.g.*, *Bender v. Advanced*

24   *Micro Devices, Inc.*, 2010 U.S. Dist. LEXIS 11539, at *5 (N.D. Cal. Feb. 1, 2010); *Bender v.*

25   *Micrel, Inc.*, 2010 WL 520513, at *3 (N.D. Cal. Feb. 6, 2010).  In light of Plaintiff's failure to

26   produce compliant infringement contentions three times in this case (let alone in other related

27   cases), there is no end in sight if Plaintiff is allowed to amend his contentions over and over

28   again.  There is no indication, given Plaintiff's record in this case and other related cases, that he

McDermott Will & Emery LLP
Attorneys At Law
Irvine

1  will comply with the Court's Orders if he is given yet another opportunity to amend his

2  contentions. Compelling Plaintiff to provide compliant infringement contentions simply has not

3  worked. The only remaining solution is to strike his contentions and dismiss this case with

4  prejudice.

5  **IV.**  **CONCLUSION**

6       For the foregoing reasons, Infineon respectfully moves the Court for an order (1) striking

7  Plaintiff's infringement contentions and (2) dismissing Plaintiff's complaint with prejudice as

8  against Infineon.

9

10                              Respectfully submitted,

11

12 Dated: April 5, 2010          By: /s/ Daniel R. Foster
                                 Daniel R. Foster

13                                 Christopher D. Bright
                                MCDERMOTT WILL & EMERY LLP

14                                 18191 Von Karman Avenue, Suite 500
                                Irvine, CA 92612-7108

15                                 Telephone: (949) 851-0633
                                Facsimile: (949) 851-9348

16                                 Email: dfoster@mwe.com
                                Email: cbright@mwe.com

17                                 Attorneys for Defendant and Counterlcaimant

18                                 INFINEON TECHNOLOGIES NORTH AMERICA
                                CORP.

19

20 ORC 478421-8.072750.0035

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 18191 Von Karman Avenue, Suite 500, Irvine, CA 92612.  I served a copy of the following document(s) as follows:

**INFINEON TECHNOLOGIES NORTH AMERICA CORP.'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND TO DISMISS THIS CASE PURSUANT TO RULE 37**

☒    I electronically filed the with the Clerk of the Court using the CM/ECF system

☐    By transmitting via electronic mail the document(s) listed above to the email addresses set forth below on this date

☐    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below.

☐    By Personal Service:  I served a true copy to each person[s] named at the address[es] shown.

☐    By Federal Express:  I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for delivery by Federal Express.  Pursuant to that practice, envelopes placed for collection at designated locations during designated hours are delivered to Federal Express with a fully completed air bill, under which all delivery charges are paid by McDermott Will & Emery LLP, that same day in the ordinary course of business.

Executed on April 5, 2010, at Irvine, California.

/s/     Terri Carman
TERRI CARMAN

ORC 476916-1.072750.0035

CASE NO.  C09 02112 RS